IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERBE ELEKTROMEDIZIN GMBH and ERBE MEDICAL UK LIMITED, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| JEROME CANADY, M.D. | )<br>) |
| Defendant, | ) |

Civil Action No. 07-384

# MEMORANDUM OPINION

CONTI, District Judge

In this memorandum opinion, the court considers the motion for summary judgment (Doc. No. 14) filed by plaintiffs ERBE Elektromedizin GmbH and ERBE Medical UK Limited (collectively "plaintiffs" or "ERBE"), as well as plaintiffs' motion to dismiss (Doc. No. 15) the counterclaim asserted by defendant, Jerome Canady, M.D. ("defendant" or "Canady") against ERBE. Plaintiffs in their complaint seek recognition of a judgment against Canady for attorneys' fees awarded by the United Kingdom High Court of Justice, Chancery Division (the "High Court") pursuant to the Pennsylvania Uniform Foreign Money Judgment Recognition Act ("Recognition Act"), 42 P.S. §§ 22001 *et seq*. Defendant in his counterclaim seeks non-recognition of the judgment of the High Court for attorneys' fees, and an injunction prohibiting ERBE from attempting to enforce the judgment in Pennsylvania. This court's jurisdiction is invoked pursuant to 28 U.S.C. § 1332, because ERBE Elektromedizin GmbH is a citizen of the Federal Republic of Germany, ERBE Medical UK Limited is a citizen of the United Kingdom

(the "UK"), and Jerome Canady, M.D., is a citizen of Pennsylvania.  After considering the joint statement of material facts and the other submissions of the parties, and drawing all reasonable inferences in favor of defendant, the nonmoving party, the court will grant summary judgment in favor of plaintiffs, and grant ERBE's motion to dismiss defendant's counterclaim.

## *Factual Background*

The present action is but a small portion of the extensive patent litigation between the parties.  This court will not attempt to review exhaustively the particulars of each related action, but will give a brief synopsis to provide the appropriate perspective for this action.

In 1993, Canady applied for and was issued U.S. Patent No. 5,207,675 ("the '675 patent"), related to his development of flexible argon plasma coagulation ("APC") probes.  Def.'s statement of additional undisputed facts ¶ 1.  Pursuant to the Patent Cooperation Treaty, Canady obtained European Patent (UK) No. 0595967 (the "UK  Patent") based on the '675 patent.  Id.  In 1996, Canady filed a patent infringement action in the United States District Court for the District of Columbia against ERBE based on the '675 patent and ERBE's sale of flexible APC probes.  Id. ¶ 5.  In 1999, the district court granted ERBE's motion for summary judgment dismissing that action.  Id. ¶ 6.  The district court later vacated its summary judgment order and stayed the proceedings pending outcome of ERBE's petition with the U.S. Patent and Trademark Office ("PTO") requesting a reexamination of the '675 patent.   Id.  Between 1999 and 2001, ERBE filed two additional requests for reexamination, and the PTO granted both requests.   Id. In January 2003, the PTO issued its determinations rejecting ERBE's reexamination arguments and reaffirming the '675 patent as originally issued.   Id.  Thereafter, the stay in the federal court

action was terminated, and, in 2003, Canady and ERBE filed new motions for summary judgment. Id. Those motions were stricken in 2004, and Canady was directed to file a new response to ERBE's 1998 summary judgment motion. Id. ERBE's 1998 summary judgment motion was granted in July 2005, and was affirmed by the United States Court of Appeals for the Federal Circuit in 2006. Id.

On March 21, 2005, while waiting for the D.C. district court's ruling on ERBE's summary judgment motion, Canady brought an action (the "UK Patent Action") in the High Court against ERBE for infringement of the UK Patent. Pl.'s statement of undisputed material facts ¶ 4. ERBE contested the validity of the UK Patent and denied that the UK Patent had been infringed. Id. ¶ 5. The High Court tried the issue of infringement in December 2005, and found in favor of ERBE. Id. ¶ 6. In conjunction with its finding, the High Court also entered an order on December 21, 2005, requiring Canady to pay ERBE the expenses and attorneys' fees (the "costs") incurred by them in the defense of the UK Patent Action. Id. Canady appealed the High Court's decision, and ERBE applied for interim costs pending appeal. Id. ¶ 8. The High Court awarded interim costs against Canady in the amount of £130,329.69. Id. ¶ 9. When Canady failed to pay the interim costs, the United Kingdom Court of Appeal dismissed Canady's appeal in July 2006. Id. ¶ 14.

In May 2006, ERBE instituted proceedings in the UK to collect all of its costs relating to the UK Patent Action. Id. ¶ 11. Canady did not dispute the costs claimed by ERBE, and an order was entered by the Supreme Court Costs Office awarding ERBE costs of £473,182.87 in connection with the UK Patent Action, including the £130,329 in interim costs. Id. ¶ 12. After dismissal of Canady's appeal, ERBE was awarded additional costs in connection with

3

proceedings in the Court of Appeals in the amount of £26,703.48 and in connection with the interim costs proceeding in the amount of £24,323.35. Id. ¶ 16.

On March 23, 2007, ERBE filed the complaint in this action seeking recognition of the judgment against Canady for attorneys' fees awarded by the High Court pursuant to the Recognition Act, 42 P.S. §§ 22001 *et seq*.

### *Standard of Review*

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A motion for summary judgment will not be defeated by the mere existence of some disputed facts, but will be defeated when there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 249.

### *Discussion*

ERBE seeks recognition, pursuant to the Recognition Act, 42 P.S. §§ 22001 *et seq*, of judgments by the High Court against Canady awarding attorneys' fees. Section 3 of the Recognition Act provides as follows:

> **§ 22003. Recognition and enforcement**
>
> Except as provided in sections 4 and 5, a foreign judgment meeting the requirements of section 9 is conclusive between the parties to the extent that it grants or denies recovery of a sum of money. The foreign judgment is enforceable in the same manner as the judgment of another state which is entitled to full faith and credit.

42 P.S. § 22003. Section 9 requires that the judgment be final, conclusive and enforceable where rendered regardless whether an appeal is pending. <u>Id.</u> § 22009. Section 4 provides in relevant part:

> **§ 22004. Grounds for nonrecognition**
> A foreign judgment need not be recognized if:
> \*\*\*
> (3) the cause of action or claim for relief on which the judgment is based is repugnant to the public policy of this Commonwealth;
> \*\*\*

<u>Id.</u> § 22004. Section 5 provides:

> **§ 22005. Nonconclusive judgments**
> A foreign judgment is not conclusive if:
> (1) the judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law;
> (2) the foreign court did not have personal jurisdiction over the defendant; or
> (3) the foreign court did not have jurisdiction over the subject matter.

<u>Id.</u> § 22005.

In accordance with the Recognition Act, the High Court's awards of attorneys' fees must be recognized if this court finds that the judgments: (1) qualify as foreign judgments; (2) are for a sum of money; (3) were final and conclusive; (4) were enforceable where they were rendered; and (5) are not repugnant to Pennsylvania public policy. It is undisputed that the judgments in

question meet elements two, three and four of the Recognition Act. The judgments were final, conclusive, and enforceable in the United Kingdom. Defendants have not offered any evidence or made any argument that the foreign court lacked personal jurisdiction over the defendant or jurisdiction over the subject matter. To the contrary defendant in this action brought the previous action in the foreign court asserting that the court had jurisdiction. Additionally, federal courts have consistently held that the English court system provides an impartial tribunal and procedures that comport with due process. Society of Lloyd's v. Mullin, 255 F.Supp.2d 468, 472-73 (E.D.Pa. 2003) (holding that judgments of English courts comport with due process and satisfy the prerequisites of section 22005(1) of the Recognition Act, and citing Society of Lloyd's v. Ashenden, 233 F.3d 473, 476 (7th Cir.2000)(noting that the integrity and fairness of the English courts are "not open to doubt.")); see also Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 958 (10th Cir.1992) ("[T]he courts of England are fair and neutral."). It is also undisputed that the judgments grant recovery of a sum of money.

Canady advances three alternative arguments to support his position that this court should not recognize the judgments against him: (1) United States patent law preempts the application of the Recognition Act; (2) the award of attorneys' fees is not a foreign judgment, but a "penalty" precluded by section 22002 of the Recognition Act; and (3) judgments awarding attorneys' fees are repugnant to the public policy of Pennsylvania. Each of Canady's arguments will be addressed.

**1. The Recognition Act is not Preempted by United States Patent Law**

The Supreme Court has recognized three ways in which federal law may preempt state law: (1) express preemption - when there is an explicit statutory command that state law be

displaced; (2) field preemption - when federal law so thoroughly occupies a field as to make reasonable the inference that Congress left no room for the States to supplement it; and (3) conflict preemption - when a state law "makes it impossible to comply with both state and federal law or when the state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.'" St. Thomas--St. John Hotel & Tourism Ass'n, Inc. v. Government of U.S. Virgin Islands, 218 F.3d 232, 238 (3d Cir. 2000)(quoting Hines v. Davidowitz, 312 U.S. 52, 67 (1941)).

Canady argues that conflict preemption applies under the circumstances in this case. Specifically, he asserts that application of the Recognition Act to recognize an award for attorneys' fees in foreign patent litigation absent "exceptional circumstances" would frustrate the objectives of the federal patent laws. This court disagrees.

The objective of the Constitution in granting Congress the power to enact patent laws is to "promote the Progress of Science and useful Arts." Kewanee Oil Co. v. Bicron Corp., 416 U.S. 470, 480 (1974). The patent laws promote this objective "by offering a right of exclusion for a limited period as an incentive to inventors," in exchange for complete disclosure of new ideas and inventions which will "stimulate ideas and the eventual development of further significant advances in the art." Id.

The Recognition Act provides a basis for a court in Pennsylvania to recognize a foreign judgment. Recognition of foreign judgments promotes finality of litigation and increased comity and cooperation between countries. Recognition of foreign judgments in patent cases encourages global recognition of judgments in patent cases which were entered by courts in the United States. Recognition works by increasing the scope of the limited monopoly of a patent and

creating more of an incentive to inventors. Likewise, it creates worldwide disclosure of inventions to further stimulate ideas and to further advances and progress in science and the useful arts. Recognition of the High Court judgments even though they provide for attorneys' fees to the prevailing party as a matter of course rather than only in "exceptional circumstances" does not frustrate the objectives of United States patent law. Therefore, preemption is inappropriate in the circumstances of this case.

## 2. The High Court's Judgments qualify as Foreign Judgments Under the Recognition Act

A foreign judgment is defined under the Recognition Act as follows:

> **"Foreign judgment."** Any judgment of a foreign government granting or denying recovery of a sum of money, other than a judgment for taxes, a fine or other penalty, or a judgment in matrimonial or family matters.

42 P.S. § 22002. Canady contends that because attorneys' fees are not normally recoverable absent exceptional circumstances under federal patent law or Pennsylvania law, an award of attorneys' fees should be considered a "penalty" and not be entitled to recognition as a foreign judgment under the Recognition Act. Canady's definition of penalty, however, is inconsistent with the opinions rendered by several different courts interpreting similar statutes. For example, the Court of Appeals for the Third Circuit in Porter v. Montgomery, 163 F.2d 211, 215 (3d Cir. 1947), was charged with interpreting a portion of the Emergency Price Control Act and distinguishing between what qualifies as a penalty and what qualifies as an award of damages. The court in Porter held:

> A civil action is for damages if it is brought for the compensation of the injured individual. It is for a penalty if it seeks to obtain a

> sum of money for the state, an entity which has not suffered direct
> injury by reason of any prohibited action.

Id. at 215. In this case, attorneys' fees were awarded to the prevailing party ERBE after ERBE incurred costs while defending against a patent suit. No money was sought for the state or to penalize Canady. Canady did not break any law for which he was being punished, and the attorneys' fees were meant to compensate ERBE.

Other courts have also concluded that an award of attorneys' fees qualifies as a foreign judgment and does not constitute a penalty. In Desjardins Ducharme v. Hunnewell, 585 N.E.2d 321, 323 (Mass. 1992), a Canadian plaintiff brought a suit in Massachusetts pursuant to the Massachusetts Foreign Money Judgment Recognition Act,[1] seeking recognition of a judgment by a Canadian Court awarding attorneys' fees as a part of costs to the prevailing party in a garnishment proceeding. The Massachusetts Supreme Judicial Court found that the award of attorneys' fees constitutes a judgment under the statute rather than a penalty, because the award was intended "to compensate his adversary for the damage inflicted on him in compelling him to incur expenses in support of a just claim." Id. at 324 (internal quotations omitted). In drawing the distinction, the court noted that the proper inquiry "whether a judgment is 'a fine or other penalty' depends on whether its purpose is remedial in nature, affording a private remedy to an injured person, or penal in nature, punishing an offense against the public justice." Id. at 323 (citing Chase Manhattan Bank, N.A. v. Hoffman, 665 F.Supp. 73, 75-76 (D.Mass. 1987)); *see*

---

[1] M.G.L. 235 § 23A. The Massachusetts statute is also based on the Uniform Foreign Money Judgment Recognition Act, and contains a definition for foreign judgment nearly identical to the Pennsylvania statute: "'foreign judgment' means any judgment of a foreign state granting or denying recovery of a sum of money, other than a judgment for taxes, a fine or other penalty, or a judgment for support in matrimonial or family matters." Id.

9

*also* Spann v. Compania Mexicana Radiodifusora Fronteriza, S. A., 131 F.2d 609, 611 (5th Cir. 1942)(holding that costs, including attorneys' fees imposed by a Mexican court did not constitute a penalty). As in Desjardins Ducharme, the awarding of attorneys' fees in the UK was not meant to punish an offense against the public justice; but was remedial in nature and aimed at compensating ERBE for the damages incurred in being compelled to defend against a patent suit filed in the UK by Canady. The awarding of attorneys' fees at issue in this case is not penal in nature, and qualifies as a foreign judgment under the Recognition Act.

### 3. The High Court's Judgments are not Repugnant to Pennsylvania Public Policy

Section 22004 of the Recognition Act provides for non-recognition of foreign judgments if, among other things, "the cause of action or claim for relief on which the judgment is based is repugnant to the public policy of this Commonwealth." 42 P.S. § 22004.

Canady maintains that because attorneys' fees are not recoverable under United States patent law absent exceptional circumstances, the routine award of attorneys' fees to the prevailing party as part of the costs taxed would violate Pennsylvania public policy. Public policy is not violated merely because attorneys' fees are not recoverable under Pennsylvania law in these circumstances. In Somportex Limited v. Philadelphia Chewing Gum Corp., 453 F.2d 435, 443 (3d Cir. 1971), the court of appeals recognized that to establish a violation of public policy in Pennsylvania it must be shown that the cause of action or claim for relief "tends clearly to injure the public health, the public morals, the public confidence in the purity of the administration of the law, or to undermine that sense of security for individual rights, whether of personal liberty or of private property, which any citizen ought to feel, is against public policy." Id. (quoting Goodyear v. Brown, 26 A. 665 (Pa. 1893)). Although attorneys' fees may not have

been recoverable under Pennsylvania or United States patent law, the recovery of those fees is not repugnant to public policy. The opinion of the United States Court of Appeals for the Third Circuit in Somportex supports this conclusion. In Somportex, the appellee had been awarded damages for breach of contract through default judgment in the High Court of England. Id. at 439. The damages awarded included significant sums for loss of good will and attorneys' fees, which were not recoverable under Pennsylvania contract law. Id. Appellee sought to have the judgment recognized and enforced in Pennsylvania. Id. Despite the awards not being recoverable under Pennsylvania law, the court of appeals affirmed the finding of the district court that the causes of action supporting the recovery were not in violation of Pennsylvania public policy.[2] Id. at 443. The court of appeals affirmed summary judgment in favor of the appellee and the foreign judgment was recognized. Id. at 444. Like the awards in Somportex, the awards of attorneys' fees by the High Court at issue in this case do not violate Pennsylvania public policy.

### *Conclusion*

The judgments rendered by the United Kingdom High Court of Justice, Chancery Division awarding attorneys' fees to ERBE Elektromedizin GmbH and ERBE Medical UK

---

[2]Somportex was decided before Pennsylvania passed the Recognition Act and the court analyzed the case pursuant to principles of comity rather than the statute. The analysis, however, whether the cause of action is contrary to Pennsylvania public policy is the same under the statute as it was under Somportex. *See, e.g.,* Society of Lloyd's v. Mullin, 255 F.Supp.2d 468, 475 (E.D. Pa. 2003)(relying on the public policy standard in Somportex, and noting that the Recognition Act was meant to codify common law principles related to recognition of foreign judgments).

Limited meet the requirements for recognition of a foreign judgment pursuant to the Pennsylvania Uniform Foreign Money Judgment Recognition Act.

After reviewing the undisputed material facts of record, reviewing all disputed facts in the light favorable to the nonmoving party, and drawing all reasonable inferences in favor of the nonmoving party, the motion for summary judgment filed by plaintiffs ERBE (Doc. No. 14) is **GRANTED.** Plaintiffs correctly assert that Canady's counterclaim against ERBE is no more than a restatement of Canady's affirmative defense to ERBE's complaint. Under these circumstances and because this court concluded that ERBE's motion for summary judgment should be granted, ERBE's motion to dismiss Canady's counterclaim (Doc. No. 15) must also be **GRANTED**. Pursuant to the Recognition Act, 42 P.S. §§ 22001 *et seq.*, this court recognizes the judgments of the United Kingdom High Court of Justice, Chancery Division awarding attorneys' fees to plaintiffs, as well as the orders of the United Kingdom Supreme Court Costs Office setting those attorneys' fees at £525,209.70.

By the court:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

Dated: February 19, 2008

cc: Counsel of record